**Kaitlyn E. Luther (Pro Hac Vice)**
CHITTENDEN, MURDAY & NOVOTNY LLC
303 W. Madison Ave., Suite 1400
Chicago, Illinois 60606
(312) 281-3600 (tel)
(312) 281-3678 (fax)

**SUSAN K. HATMAKER 172543**
**RACHELLE T. GOLDEN 295385**
**HATMAKER LAW GROUP**
7522 N. Colonial Avenue, Suite 105
Fresno, California 93711
Telephone: (559) 374-0077
Facsimile: (559) 374-0078

Attorneys for Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff:
NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MACPHERSON-POMEROY,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, an Iowa corporation; and DOES 1 through 100,<br><br>Defendant. | Case No. 1:20-cv-00092-DAD-BAM<br><br>**NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR INTERPLEADER** |
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>Counterclaim Plaintiff<br><br>v.<br><br>BARBARA MACPHERSON-POMEROY,<br><br>Counterclaim Defendant. | |
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>Third-Party Plaintiff, | |

v.

MELANIE RODRIGUEZ and DEBANEE MACPHERSON UDALL,

       Third-Party Defendants.

Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff North American Company for Life and Health Insurance ("North American Company"), by its attorneys, Kaitlyn E. Luther of Chittenden, Murday & Novotny LLC and Susan K. Hatmaker and Rachelle T. Golden of Hatmaker Law Group, states as follows for its Counterclaim and Third-Party Complaint for Interpleader:

## PARTIES

1. North American Company is an insurance company duly organized and existing under the laws of the Iowa, with its principal place of business located in West Des Moines, Iowa, and is a citizen of the State of Iowa pursuant to 28 U.S.C. § 1332(c)(1).

2. Barbara MacPherson-Pomeroy is an individual and a resident and citizen of Fresno, California.

3. Melanie Rodriguez is an individual and a resident and citizen of Aldie, Virginia.

4. Debanee MacPherson Udall is an individual and a resident and citizen of Eagle Point, Oregon.

## JURISDICTION AND VENUE

5. This is an action in interpleader brought pursuant to 28 U.S.C. §§ 1335, 1397, and 2361 and pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1332(a) concerning the rights and obligations of the parties pursuant to a life insurance policy designated Policy No. LB02834040 issued by North American Company to Casey MacPherson-Pomeroy on the life of Casey MacPherson-Pomeroy, in the amount of $1,500,000. This Court has jurisdiction over this matter under 28 U.S.C. § 1335 because diversity of citizenship exists between at least two of the Counterclaim and Third-Party Defendants, and the amount at issue is in excess of $500. The Court also has jurisdiction over this matter under 28 U.S.C. § 1332 because North American Company and the Counterclaim and Third-Party Defendants are of diverse citizenship, and the amount at

1  issue is in excess of $75,000.

2      6.    Venue is proper in this Judicial District under 28 U.S.C. § 1397 in that this is a civil action in interpleader and one or more of the claimants resides in this judicial district. Venue is also proper in this judicial district under 28 U.S.C. § 1391 in that this is a civil action and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## CLAIM FOR RELIEF IN INTERPLEADER

7.    North American Company issued Policy No. LB02834040 (the "Policy") to Casey MacPherson-Pomeroy (the "Insured"), on the life of Casey MacPherson-Pomeroy, with a face value of $1,000,000 and a Policy Date of July 11, 2013. At the time of issue, the designated primary beneficiary was Barbara MacPherson-Pomeroy (the "Plaintiff"). See Policy No. LB02834040 attached hereto and incorporated herein as Exhibit 1.

8.    On or about May 27, 2014, North American Company received an Additional Insurance Option form signed by the Insured requesting an additional $500,000 in coverage. See Ex. 1, p. 43.

9.    North American Company approved the additional insurance option so that the face value of the Policy increased to $1,500,000 effective July 11, 2014. See Ex. 1, p. 41.

10.    On or about July 17, 2018, North American Company received a Beneficiary Change Request form signed by the Insured and the Plaintiff. See Beneficiary Change form dated July 17, 2018 attached hereto and incorporated herein as Exhibit 2.

11.    The Beneficiary Change Request form named the Plaintiff as primary beneficiary and designated the following contingent beneficiaries: Melanie Rodriguez, niece, 75% and Debanee MacPherson Udall, sister, 25%. See Ex. 1, p. 45; Ex. 2.

12.    The Insured died on December 31, 2018 in Anguilla. See Certificate of Death attached hereto and incorporated herein as Exhibit 3.

13.    Upon information and belief, Plaintiff was detained by the Royal Anguilla Police Force for several days following the Insured's death.

14.    On or about February 1, 2019, North American Company received a Proof of Death Claimant's Statement signed by the Plaintiff. See Claimant's Statement attached hereto and

1  incorporated herein as <u>Exhibit 4</u>.

2  15. From February 2019 through the filing of Plaintiff's Complaint, North American Company has sought information from the Royal Anguilla Police Force and the Anguilla Coroners Court regarding their investigation into the manner or cause of the Insured's death.

3  16. The website for the Anguilla Coroners Court, www.coroners.gov.ai, states that the coroner "must decide whether there are still unresolved or mysterious issues surrounding the death of the deceased" and if "there are unresolved issues rendering the manner or cause of death unclear or there is any suspicion of foul play, the Coroner may determine that a Coroner's inquest is necessary and will direct that an inquest be so conducted."

4  17. Upon information and belief, the Anguilla Coroners Court initiated a Coroner's inquest to determine the manner or cause of the Insured's death.

5  18. Upon information and belief, the Anguilla Coroners Court requested that the Plaintiff testify and could not resolve the inquest without her testimony.

6  19. On or about September 25, 2019, the Anguilla Coroner's Court held a hearing regarding the Insured's death, and Plaintiff did not attend.

7  20. In or about November 2019, the Anguilla Coroner's Court confirmed to North American Company that the case regarding the Insured's death was still open and that it was waiting for Plaintiff to return to Anguilla to testify at the Coroner's inquest.

8  21. In or about December 2019, the Royal Anguilla Police Force informed North American Company that Plaintiff refused to accept her subpoena to attend the Coroner's inquest in Anguilla and that the subpoena was served through Plaintiff's attorney. The Royal Anguilla Police Force declined to release any type of statement or additional information to North American Company at that time because the Insured's case was still active.

9  22. California law provides as follows:

> A named beneficiary of a bond, life insurance policy, or other contractual arrangement who feloniously and intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy, or other contractual arrangement, and it becomes payable as though

the killer had predeceased the decedent.

Cal. Prob. Code § 252.

23. Barbara MacPherson-Pomeroy, Melanie Rodriguez, and Debanee MacPherson Udall, as potential beneficiaries of the Policy's proceeds, may each have a claim to and interest in the Policy's proceeds, and said claims are adverse to and conflict with each other. By reason of these adverse and conflicting claims, North American Company is unable to discharge its admitted liability under the Policy without exposing itself to multiple litigation, liability, or both.

24. North American Company is indifferent as to which of the claimants is entitled to the Policy's proceeds and is only interested in paying and discharging its admitted liability once; however, it has been unable to do so by reason of the adverse and conflicting claims of Plaintiff and Third-Party Defendants and thus files this Counterclaim and Third-Party Complaint for Interpleader.

25. Contemporaneous with the filing of this Counterclaim and Third-Party Complaint for Interpleader, North American Company will bring a stipulation for leave to deposit with the Clerk of the Court its admitted liability under the Policy.

**WHEREFORE**, North American Company for Life and Health Insurance prays this Honorable Court enter an order or orders granting it the following relief:

A. Granting North American Company for Life and Health Insurance leave to deposit the proceeds of Policy No. LB02834040 with this Honorable Court, or with the Clerk of this Court at the Court's direction, subject to further Order of this Court;

B. Enjoining Barbara MacPherson-Pomeroy, Melanie Rodriguez, and Debanee MacPherson Udall during the pendency of this case and thereafter permanently and perpetually, from commencing or prosecuting any proceeding or claim against North American Company for Life and Health Insurance in any state or federal court or other forum with respect to proceeds payable under the terms of Policy No. LB02834040, and on account of the death of Casey MacPherson-Pomeroy, the insured, and that said injunction issue without bond or surety;

C. Granting judgment to North American Company for Life and Health Insurance with the

finding that it has no further liability to Barbara MacPherson-Pomeroy, Melanie Rodriguez, and Debanee MacPherson Udall, or to any person or entity claiming through them, for the death benefit payable under the terms of Policy No. LB02834040, and on account of the death of Casey MacPherson-Pomeroy;

D. Entering an Order finding that North American Company for Life and Health Insurance has acted in good faith by interpleading the proceeds of Policy No. LB02834040 and depositing its admitted liability with the Clerk of the Court;

E. Entering judgment in favor of North American Company for Life and Health Insurance, and against Barbara MacPherson-Pomeroy, Melanie Rodriguez, and Debanee MacPherson Udall on its Counterclaim and Third-Party Complaint for Interpleader with an express finding of finality pursuant to Fed. R. Civ. P. 54(b);

F. Excusing and dismissing North American Company for Life and Health Insurance from further attendance on this cause with prejudice and ordering the adverse and potentially adverse claimants, Barbara MacPherson-Pomeroy, Melanie Rodriguez, and Debanee MacPherson Udall to litigate their claims and contentions to the proceeds Policy No. LB02834040, without further involving North American Company for Life and Health Insurance;

G. Awarding North American Company for Life and Health Insurance its actual court costs and attorneys' fees incurred in connection with prosecuting this Counterclaim and Third-Party Complaint for Interpleader, such fees and costs to be deducted from the amount deposited with the Court or to its Clerk; and

H. Granting North American Company for Life and Health Insurance such further and other relief as this Court deems just and appropriate.

DATED: February 21, 2020.    By: /s/ Kaitlyn E. Luther
                                  KAITLYN E. LUTHER
                                  Attorney for Defendant, Counterclaim Plaintiff, and Third-Party Plaintiff
                                  NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE

# PROOF OF SERVICE

My business address is 303 W. Madison Ave., Suite 1400, Chicago, Illinois 60606. I am employed in Cook County, Illinois. I am over the age of 18 years and am not a party to this case.

On the date indicated below, I served the foregoing document described as

**NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE'S COUNTERCLAIM AND THIRD-PARTY COMPLAINT FOR INTERPLEADER**

on all interested parties in this action as follows:

Marshall C. Whitney (SBN 082952)
Devon R. McTeer (SBN 230539)
Whitney, Thompson & Jeffcoach LLP
8050 N. Palm Ave., Suite 110
Fresno, CA 93711
Telephone: (559) 753-2550
Fax: (559) 753-2560
Email: mwhitney@wtjlaw.com
Email: dmcteer@wtjlaw.com

_____ (BY FIRST CLASS MAIL) I am readily familiar with the business' practice for collection and processing of correspondence for mailing, and that correspondence, with postage thereon fully prepaid, will be deposited with the United States Postal Service on the date noted below in the ordinary course of business, at Chicago, Illinois.

__X__ (BY ELECTRONIC TRANSMISSION – by CM/ECF System) Notice of this filing will be sent by e-mail to all parties and the above-specified persons by operation of the Court's electronic filing CM/ECF system, which will send electronic notification of such filing to all counsel/parties.

_____ (BY ELECTRONIC TRANSMISSION) I caused the above-referenced document to be sent to the person(s) at the e-mail address(es) of the addressee(s) on the date stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electric notification address of the person making the service is mberlin@cmn-law.com.

**EXECUTED ON February 21, 2020, at Chicago, Illinois.**

_____ (STATE) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

__X__ (FEDERAL) I declare that I am employed in the office of an attorney admitted Pro Hac Vice to the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By:   */s/ Michelle C. Berlin*
         MICHELLE C. BERLIN