# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MACPHERSON-POMEROY,<br><br>    Plaintiff,<br><br>v.<br><br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, an Iowa corporation; and DOES 1 through 100,<br><br>    Defendants.<br>_____<br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>BARBARA MACPHERSON-POMEROY,<br><br>    Counterclaim Defendant.<br>_____<br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>MELANIE RODRIGUEZ and DEBANEE MACHPERSON UDALL,<br><br>    Third-Party Defendants. | Case No. 1:20-cv-00092-DAD-BAM<br><br>**ORDER RE EX PARTE APPLICATION TO EXTEND DISCOVERY DEADLINES AND INFORMAL DISCOVERY DISPUTE**<br>(Docs. 51, 56, 57)<br><br>**AMENDED SCHEDULING CONFERENCE ORDER**<br><br>Expert Disclosure:   May 14, 2021<br><br>Supplemental<br>Expert Disclosure:   June 1, 2021<br><br>Non-expert<br>Discovery Cutoff:   April 30, 2021<br><br>Expert<br>Discovery Cutoff:   July 9, 2021<br><br>Pretrial Motion<br>Filing Deadline:   June 30, 2021<br><br>Pretrial Conference:   November 8, 2021<br>                       1:30 p.m.<br>                       Courtroom 5 (DAD) |

On February 2, 2021, Plaintiff Barbara MacPherson-Pomeroy filed an *ex parte* application requesting that the Court extend the discovery deadlines by six months, deferring discovery regarding its bad faith claim against Defendant North American Company for Life and Health Insurance. Plaintiff explained that the reasons for her request included the rescheduled deposition of witness Alicia Gros, Plaintiff's anticipated "Motion for Summary Judgment as to the Cross-Complaint on

1

Interpleader" and "as to her rights to receive benefits from the insurance," and avoiding expense by deferring discovery regarding her bad faith claim because the anticipate motion for summary adjudication could dispose of many, if not all, of the issues relating to the bad faith claim. (Doc. 51 at 1-2.) Defendant North American Company for Life and Health Insurance opposed the *ex parte* application. (Doc. 52.) The parties agreed to address the dispute through the Court's informal discovery dispute procedures and submitted informal letter briefs. (Docs. 56, 57.)

On February 18, 2021, the Court held an informal discovery dispute conference off the record via videoconference. Counsel Marshall Whitney appeared by videoconference on behalf of Plaintiff Barbara MacPherson-Pomeroy. Counsel Kaitlyn Luther appeared by videoconference on behalf of Defendant North American Company for Life and Health Insurance. Counsel Russell Georgeson appeared by videoconference on behalf of Third-Party Defendant Debanee MacPherson Udall. Third-Party Defendant Melanie Rodriguez, pro se, did not appear. The parties stipulated to an informal ruling by the Court. During the conference, the Court and parties discussed the proposed request to extend discovery an additional six months, Plaintiff's intention to file a motion for summary adjudication of her claim for benefits, Plaintiff's request to defer discovery on her bad faith claim, and the outstanding deposition of witness Alisha Gros. The Court and parties also discussed the anticipated deposition of Defendant's representatives with respect to Plaintiff's bad faith claims. At the hearing, Plaintiff represented that she intends to conduct one-to-two depositions of the person or persons at North American Company for Life and Health Insurance.

Following consideration of the informal briefing and the parties' arguments, Plaintiff's request to extend the discovery deadlines an additional six months is GRANTED IN PART and DENIED IN PART. The Court finds good cause to (1) extend the non-expert discovery deadline in this action an additional sixty (60) days solely to allow the parties to complete the depositions of witness Alicia Gros and of Defendant's one-to-two representatives[1] and (2) extend the corresponding deadlines for expert disclosures and completion of expert discovery. Fed. R. Civ. P 16(d). Additionally, as discussed during the conference, counsel for Third-Party Defendant Debanee MacPherson Udall shall promptly

---

[1]   The parties no longer dispute that the depositions of Defendant's representatives may be completed via remote videoconference technology.

2

file any motion to withdraw as counsel pursuant to Local Rule 182 and the Court's order (Doc. 55). The Court therefore sets the following amended schedule.

**1. Motion to Withdraw as Counsel**

As directed at the informal conference, counsel for Third-Party Defendant Debanee MacPherson Udall shall file any motion to withdraw as counsel pursuant to Local Rule 182 and the Court's order (Doc. 55) on or before **February 22, 2021**.

**2. Discovery Cutoffs and Limits**

Initial expert witness disclosures by any party shall be served no later than **May 14, 2021.** Supplemental expert witness disclosures by any party shall be served no later than **June 1, 2021.** Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.

Non-expert discovery, for the limited purpose of completing the depositions of witness Alicia Gros and Defendant's representatives, shall be completed no later than **April 30, 2021**. All expert discovery, including motions to compel, shall be completed no later than **July 9, 2021.** Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the Court may grant effective relief within the allotted discovery time. A parties' failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

**3. Pretrial Motion Schedule**

As previously ordered, all pre-trial motions, both dispositive and non-dispositive (except motions to compel, addressed above), shall be served <u>and filed</u> on or before **June 30, 2021**. Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Barbara A. McAuliffe, United States Magistrate Judge, in Courtroom 8. Before scheduling such motions, the parties shall

comply with Local Rule 230 or Local Rule 251.

Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar. In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge McAuliffe's chambers by email to bamorders@caed.uscourts.gov. Counsel for the parties are additionally required to conduct at least one **telephonic or in person conference** as part of their obligations to met and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention. The parties are further cautioned that boilerplate objections to written discovery will be summarily denied.

Upon stipulation of the parties, Judge McAuliffe will resolve discovery disputes by informal telephonic conference outside the formal procedures of the Local Rules and Federal Rules of Civil Procedure governing noticed motions to compel. The procedures for requesting an informal telephonic conference are set forth in Judge McAuliffe's Case Management Procedures located on the Court's website, http://www.caed.uscourts.gov. If the parties stipulate to an informal ruling on a discovery dispute that arises during a deposition, they may request an informal ruling during the deposition by contacting Judge McAuliffe's Courtroom Deputy, Esther Valdez, by telephone at (559) 499-5788.

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge McAuliffe shall not exceed twenty-five (25) pages. Reply briefs by the moving party shall not exceed ten (10) pages. These page limitations do not include exhibits. Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the Court.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the

issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above and set forth a statement of good cause for the failure to meet and confer.

**4. Pretrial Conference**

The pretrial conference remains as set for **November 8, 2021, at 1:30 p.m. in Courtroom 5** and will be heard before the Honorable Dale A. Drozd, United States District Judge. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in Microsoft Word format to dadorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 281 and 282. The parties must identify all exhibits and witnesses, including those for rebuttal and/or impeachment purposes. No exhibit or witness other than those listed in the joint pretrial statement and included in the Pretrial Order may be used at trial. This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**5. Trial**

Pursuant to the Standing Order in Light of Ongoing Judicial Emergency in the Eastern District of California (Doc. 12), no trial date is scheduled in this civil action. Any party that believes exigent or extraordinary circumstances justify an exception to the Standing Order in their case may file a motion seeking the setting of a trial date. Such motions shall not exceed five pages in length and must establish truly extraordinary circumstances. Even where such a showing is made, the parties are

forewarned that the District Judge may simply be unable to accommodate them in the light of the court's criminal caseload.

### 6. Effect of This Order

This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

**The dates set in this Order are considered to be firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.**

The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **February 19, 2021**               /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE