UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MACPHERSON-POMEROY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, an Iowa corporation; and DOES 1 through 100,<br><br>　　　　Defendants.<br>――――――――――――――――――<br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>　　　　Counterclaim Plaintiff,<br><br>　　v.<br><br>BARBARA MACPHERSON-POMEROY,<br><br>　　　　Counterclaim Defendant.<br>――――――――――――――――――<br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>MELANIE RODRIGUEZ and DEBANEE MACPHERSON UDALL,<br><br>　　　　Third-Party Defendants. | No. 1:20-cv-00092-DAD-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTION OF ATTORNEY OF THIRD-PARTY DEFENDANT DEBANEE MACPHERSON UDALL TO WITHDRAW AS COUNSEL<br><br>(Doc. 61)<br><br>**FOURTEEN (14) DAY DEADLINE** |

1

Pending before the Court is the motion to withdraw as counsel filed by C. Russell Georgeson of the Georgeson Law Offices, counsel of record for third-party defendant Debanee MacPherson Udall, on February 22, 2021. (Doc. 61.) The matter was referred to the undersigned magistrate judge for issuance of findings and recommendations in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). (Doc. 64.)

The matter was heard on March 12, 2021, before United States Magistrate Judge Barbara A. McAuliffe. Counsel Marshall Whitney appeared by telephone on behalf of plaintiff Barbara MacPherson-Pomeroy. Counsel Kaitlyn Luther appeared by telephone on behalf of defendant North American Company for Life and Health Insurance. Counsel C. Russell Georgeson appeared by telephone on behalf of third-party defendant Debanee MacPherson Udall and as movant. Debanee MacPherson Udall did not appear. Third-party defendant Melanie Rodriguez also did not appear.

Having considered the moving papers, arguments and record in this action, it is recommended that the motion to withdraw as counsel for third-party defendant Debanee MacPherson Udall be granted.

**BACKGROUND**

Plaintiff Barbara MacPherson-Pomeroy initiated this action on December 16, 2019, in the Fresno County Superior Court. Plaintiff sought damages in connection with her claim for life insurance benefits under a life insurance policy. The matter was removed to this court on January 17, 2020, by defendant North American Company for Life and Health Insurance. (Doc. 1.)

On February 21, 2020, defendant filed a counterclaim against Barbara MacPherson-Pomeroy and third-party complaint in interpleader against Melanie Rodriguez and Debanee MacPherson Udall. (Doc. 14.) Barbara MacPherson-Pomeroy answered the counterclaim on March 13, 2020. (Doc. 19.) Melanie Rodriguez, in pro per, responded to the third-party complaint and indicated that she is not challenging the payment of the policy benefits to Barbara MacPherson-Pomeroy. (Doc. 21.) Debanee MacPherson Udall, through counsel, answered the third-party complaint on April 21, 2020. (Doc. 22.)

On February 10, 2021, third-party defendant Debanee MacPherson Udall filed a proposed substitution of attorney to represent herself in this matter. (Doc. 53.) The court denied the proposed substitution of attorney because it did not comply with Local Rule 182 and indicated that in order to

withdraw leaving the client *in propria persona* counsel must comply with Local Rule 182. (Doc. 54.)

On February 19, 2021, the Court issued an Amended Scheduling Conference Order. (Doc. 60.) As set forth in the amended order, non-expert discovery, for the limited purpose of completing the depositions of witness Alicia Gros and Defendant's representatives, has been extended to April 30, 2021. Additionally, the deadline for initial expert disclosures is May 14, 2021, the deadline for supplemental expert disclosures is June 1, 2021, the deadline for completion of expert discovery is July 9, 2021, and the deadline for filing dispositive motions is June 30, 2021. A pretrial conference is scheduled for November 8, 2021. (*Id.*)

On February 22, 2021, counsel C. Russell Georgeson filed the instant motion to withdraw as counsel for third-party defendant Debanee MacPherson Udall due to nonpayment of legal fees and expenses. (Doc. 61.) On February 24, 2021, counsel submitted a declaration confirming that Ms. Udall acknowledged receipt of the motion to withdraw on February 23, 2021. (Doc. 63 at ¶ 2.) Following referral of the motion, the court, by way of minute order, re-set the motion to withdraw for hearing on March 12, 2021, and directed counsel seeking to withdraw to serve the minute order on Ms. Udall. (Doc. 65.) Counsel submitted a proof of service indicating Ms. Udall was served with the minute order by e-mail and mail on February 26, 2021. (Doc. 66.)

On March 2, 2021, plaintiff Barbara MacPherson-Pomeroy filed a statement of non-opposition to the motion to withdraw as counsel. (Doc. 67.) No other opposition or response to the motion has been filed. At the hearing, defendant North American Company for Life and Health Insurance indicated it had no objection to the motion to withdraw.

**DISCUSSION**

The decision to grant or deny an attorney's motion to withdraw is committed to the discretion of the trial court. *See Thomas v. Experian Info. Sols., Inc*., No. 2:13-cv-02674-MCE-CKD, 2014 WL 7359180, at *1 (E.D. Cal. Dec. 23, 2014) ("Whether to grant leave to withdraw is subject to the sound discretion of the Court and 'may be granted subject to such appropriate conditions as the Court deems fit.'"); *Canandaigua Wine Co., Inc. v. Moldauer*, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141, *1 (E.D. Cal. Jan. 14, 2009) (finding that the decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court). "In ruling on a motion to withdraw, some courts have

looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." *Canandaigua*, 2009 WL 89141 at *1.

Additionally, in the Eastern District of California, attorneys representing parties to a civil case are subject to Local Rule 182(d) which provides:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

L.R. 182(d).

The Rules of Professional Conduct of the State Bar of California provide that an attorney may withdraw from representation if "the client breaches as material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation" Cal R. Prof. Conduct 1.16(b)(5).  However, a lawyer may not terminate representation until the lawyer "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel." Cal. R. Prof. Conduct 1.16(d).

## ANALYSIS

Here, counsel moves to withdraw on the grounds that third-party defendant "has breached her agreement and obligation to pay legal fees and fees as incurred and billed."  (Doc. 61-1 at 4.) Attorney Georgeson has submitted a declaration stating that his office entered into a written Retainer Agreement with Ms. Udall on April 9, 2020.  By that agreement, Ms. Udall agreed to pay legal fees and expenses on a billed basis to the law firm in exchange for representation in this matter.  The

agreement also provided the right for the law firm to withdraw if payment was not made within 30 days of billing.  (Doc. 61-2, Georgeson Decl. at ¶ 2.)  Ms. Udall reportedly failed to make timely payment pursuant to the Retainer Agreement and carries several months' unpaid balance.  (*Id.* at ¶ 3.)  According to attorney Georgeson, the law firm has "made reasonable efforts to obtain payment from [Ms.] Udall, including:  various e-mails, telephone conferences and delivering for her signature a Substitution of Attorneys, which she signed and returned."  (*Id.* at ¶ 3.)  Attorney Georgeson further declares that the law firm has taken reasonable steps to avoid reasonably foreseeable prejudice to Ms. Udall, including giving her "several months' notice failure to pay for legal fees and expenses would result in Georgeson Law Offices withdrawing as counsel of record and to permit her time to retain other counsel/other."  (*Id.* at ¶ 4.)

As to the first factor, the reasons for withdrawal, the Court finds that counsel has demonstrated good cause for permissive withdrawal.  "It is well established that failure to pay attorney's fees provides grounds for withdrawal."  *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, No. 2:16-cv-00148 KJM EFB, 2019 WL 5063460, at *2 (E.D. Cal. Oct. 9, 2019); *see also Johnson v. Serenity Transportation, Inc.*, No. 15-cv-02004-JSC, 2020 WL 5500375, at *1 (N.D. Cal. Sept. 11, 2020) ("Failure to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw.") (citation omitted).  Further, Ms. Udall's apparent consent to withdrawal, evidenced by her executed and filed Substitution of Attorney form, (Doc. 53), provides additional support for withdrawal.  *Advanced Steel*, 2019 WL 5063450, at *2 ("And when a party willingly consents to withdrawal, all the more reason exists to permit withdrawal.").

Second, as to prejudice that counsel's withdrawal may cause other litigants, the court notes that plaintiff does not oppose the pending motion or otherwise assert prejudice.  No other party has opposed withdrawal.  In the moving papers, counsel contends that withdrawal will cause no prejudice to the other parties.  Ms. Udall is one of two third-party defendants interpleaded in this action on the ground that she may have a claim to life insurance proceeds.  Discovery issues are ongoing between plaintiff and defendant that do not involve Ms. Udall and plaintiff has reportedly stated her intent to file a motion for summary adjudication that she claims will establish her entitlement to the insurance proceeds.  (Doc. 61-1.)  Given the current deadlines in this case, the court does not find that there will

5

be prejudice to the other litigants by counsel's withdrawal.  This factor therefore does not weigh against withdrawal.

Third, as to harm that counsel's withdrawal might cause to the administration of justice, and fourth, as to delay, counsel asserts that withdrawal as Ms. Udall's counsel will cause "no harm to the administration of justice [ ] and no delay to the resolution of this action." (Doc. 61-1 at 4.)  The court finds withdrawal will not cause harm to the administration of justice or unduly delay the resolution of this case.  This matter is not set for trial.  As discussed above, the remaining discovery issues do not involve Ms. Udall and plaintiff's anticipated motion for summary adjudication may address entitlement to the insurance proceeds or otherwise narrow the issues for trial.  The deadline for any such motion is June 30, 2021.  Further, by separate order, the court set a status conference to advise Ms. Udall regarding the status of this action.

Accordingly, the court finds that consideration of the factors weighs in favor of granting the motion to withdraw.

**CONCLUSION AND RECOMMENDATION**

For the reasons stated, IT IS HEREBY RECOMMENDED as follows:

1. The Motion of Attorney of Third-Party Defendant Debanee MacPherson Udall to Withdraw as Counsel (Doc. 61) be granted;
2. Third-party defendant Debanee MacPherson Udall be substituted *in propria persona* in place and stead of C. Russell Georgeson and the Georgeson Law Offices; and
3. The Clerk of the Court be directed to update the docket with the contact information of third-party defendant Debanee MacPherson Udall at her last known address:

Debanee MacPherson Udall
12246 Highway 62
Eagle Point, Oregon 97524

Additionally, IT IS HEREBY ORDERED that counsel for third-party defendant Debanee MacPherson Udall shall serve her with a copy of these findings and recommendations and file proof of service with the court.

///

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 12, 2021**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE