UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MACPHERSON-POMEROY,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>Defendants. | No. 1:20-cv-00092-ADA-BAM<br><br>ORDER AMENDING THE COURT'S APRIL 8, 2022 ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT TO INCLUDE AN EXPRESS FINDING OF FINALITY PURSUANT TO FED. R. CIV. P. 54(b)<br><br>(ECF No. 100) |
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>BARBARA MACPHERSON-POMEROY,<br><br>Counterclaim Defendant. | |
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>MELANIE RODRIGUEZ and DEBANEE MACPHERSON UDALL,<br><br>Third-Party Defendants. | |

1

**I.**

**Procedural Background**

This case stems from Plaintiff Barbara MacPherson-Pomeroy's efforts to claim a life insurance policy, numbered LB02834040, that Defendant North American Company for Life and Health Insurance issued on the life of her husband Casey MacPherson-Pomeroy (hereinafter "the policy"). On December 16, 2019, Plaintiff filed a complaint in California state court against Defendant asserting claims for breach of contract and breach of the covenant of good faith and fair dealing. (ECF No. 1 at 17–28.) Defendant removed the action to federal court on January 17, 2020. (ECF No. 1.) On February 21, 2020, Defendant filed an answer to the complaint as well as a counterclaim and third-party complaint for interpleader against Melanie Rodriguez and Debanee Udall, secondary beneficiaries of the policy. (ECF No. 14.) In March 2020, Defendant deposited its admitted liability of $1,504,346.75 – the amount of the policy plus accrued interest – with the Register of the Court, pending a determination as to whether Plaintiff or the secondary beneficiaries were entitled to the proceeds. (*See* ECF No. 16.)

On March 31, 2021, Plaintiff moved for summary judgment on the third-party complaint for interpleader, or, in the alternative, to summarily adjudicate the adverse claims of Ms. Udall, the only remaining claimant to the interpleader funds. (ECF No. 76.) Ms. Udall did not file an opposition, and, on April 8, 2022, the Court issued an order granting Plaintiff's motion for summary judgment. (ECF No. 100.) The Court held that the interpleader was procedurally proper, that Plaintiff had carried her burden of establishing that she is entitled to the life insurance policy proceeds, dismissed Ms. Udall's claims with prejudice, and directed the Clerk of Court to enter judgment in Plaintiff's favor. (*Id.* at 14, 17–18.) The clerk entered judgment in favor of Plaintiff that same day. (ECF No. 101.)

On June 20, 2022, Plaintiff filed a motion for disbursement of the interpleader funds, minus a reasonable amount of attorney fees for Defendant. (ECF No. 115.) Because Defendant is a disinterested stakeholder in the interpleader action, it did not oppose the release of funds to Plaintiff, but it did file an opposition requesting (1) that the Court award attorneys' fees and costs and discharge Defendant prior to releasing funds to Plaintiff, and (2) that the Court make a

finding under Federal Rule of Procedure 54(b) prior to disbursing the interpleader funds. (ECF No. 125.) To expedite the release of undisputed funds to Plaintiff, the parties filed a stipulation on September 13, 2022. (ECF No. 142.) In their stipulation, the parties requested that the Court amend the April 8, 2022 order granting Plaintiff's motion for summary judgment to include an express finding of finality pursuant to Rule 54(b).

## II.
### Discussion

The parties did not ask the Court to make an express finding of finality when it filed its order in April. Nor has any party sought leave of the Court to file an appeal from that order. To the extent that the Court did not make an express finding of finality at the time it originally issued its order, it does so now nunc pro tunc.

Federal Rule of Civil Procedure 54(b) states,

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Rule 54(b) allows parties to avoid an unjust delay in judgment on distinct claims during the pendency of a larger case. *See Gelboim v. Bank of America Corp.*, 574 U.S. 405, 409 (2015). To determine whether to certify a case as final, courts must consider "judicial administrative interests as well as the equities involved." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Some factors the Supreme Court has found helpful in making this determination are "whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issue more than once even if there were subsequent appeals." *Id.*

Regarding the judicial administrative interests at issue in this case, the Court finds that entry of judgment and appealability of the April 8, 2022 order would not generate the kind of piecemeal litigation against which Rule 54(b) protects. *See id.* The original and ongoing dispute in this case involves claims of breach of contract and breach of the implied covenant of good faith and fair dealing between Barbara MacPherson-Pomeroy and North American Company for Life

and Health Insurance. Entitlement to the proceeds is no longer an issue in this case. Considering the equities, because Barbara MacPherson-Pomeroy is the sole party entitled to the life insurance proceeds, the Court finds there is no reason to delay any longer their distribution to her.

Accordingly,

1. Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason to delay enforcement or appeal of its April 8, 2022 order, (ECF No. 100);

2. This order is effective, nunc pro tunc, from April 8, 2022.

IT IS SO ORDERED.

Dated: October 26, 2022

UNITED STATES DISTRICT JUDGE