UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MACPHERSON-POMEROY,<br>                Plaintiff,<br><br>    v.<br><br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>                Defendants. | No.  1:20-cv-00092-ADA-BAM<br><br>ORDER GRANTING STIPULATION FOR FINAL JUDGMENT IN INTERPLEADER<br><br>(ECF No. 142) |
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>                Counterclaim Plaintiff,<br><br>    v.<br><br>BARBARA MACPHERSON-POMEROY,<br><br>                Counterclaim Defendant. | |
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>                Third-Party Plaintiff,<br><br>    v.<br><br>MELANIE RODRIGUEZ and DEBANEE MACPHERSON UDALL,<br><br>                Third-Party Defendants. | |

1

1    This case stems from Plaintiff Barbara MacPherson-Pomeroy's efforts to claim a life
2    insurance policy, numbered LB02834040, that Defendant North American Company for Life and
3    Health Insurance issued on the life of her husband Casey MacPherson-Pomeroy (hereinafter "the
4    policy"). On December 16, 2019, Plaintiff filed a complaint in California state court against
5    Defendant asserting claims for breach of contract and breach of the covenant of good faith and
6    fair dealing. (ECF No. 1 at 17–28.) Defendant removed the action to federal court on January
7    17, 2020. (ECF No. 1.) On February 21, 2020, Defendant filed an answer to the complaint as
8    well as a counterclaim and third-party complaint for interpleader against Melanie Rodriguez and
9    Debanee Udall, secondary beneficiaries of the policy. (ECF No. 14.) In March 2020, Defendant
10   deposited its admitted liability of $1,504,346.75 – the amount of the policy plus accrued interest –
11   with the Register of the Court, pending a determination as to whether Plaintiff or the secondary
12   beneficiaries were entitled to the proceeds. (*See* ECF No. 16.)

13   On March 31, 2021, Plaintiff moved for summary judgment on the third-party complaint
14   for interpleader, or, in the alternative, to summarily adjudicate the adverse claims of Ms. Udall,
15   the only remaining claimant to the interpleader funds. (ECF No. 76.) Ms. Udall did not file an
16   opposition, and, on April 8, 2022, the Court issued an order granting Plaintiff's motion for
17   summary judgment. (ECF No. 100.) The Court held that the interpleader was procedurally
18   proper, that Plaintiff had carried her burden of establishing that she is entitled to the life insurance
19   policy proceeds, dismissed Ms. Udall's claims with prejudice, and directed the Clerk of Court to
20   enter judgment in Plaintiff's favor. (*Id.* at 14, 17–18.) The clerk entered judgment in favor of
21   Plaintiff that same day. (ECF No. 101.)

22   On June 20, 2022, Plaintiff filed a motion for disbursement of the interpleader funds,
23   minus a reasonable amount of attorney fees for Defendant. (ECF No. 115.) Because Defendant
24   is a disinterested stakeholder in the interpleader action, it did not oppose the release of funds to
25   Plaintiff, but it did file an opposition requesting (1) that the Court award attorneys' fees and costs
26   and discharge Defendant prior to releasing funds to Plaintiff, and (2) that the Court make a
27   finding under Federal Rule of Procedure 54(b) prior to disbursing the interpleader funds. (ECF
28   No. 125.) On June 21, 2022, Defendant filed its motion for final judgment in interpleader,

seeking attorneys' fees and costs in the amount of $20,480.26.  (ECF No. 121.)  Plaintiff filed an opposition, objecting to the amount that Defendant requested in fees and objecting to Defendant's proposed order language stating that Defendant acted in good faith by interpleading the funds. (ECF Nos. 124.)

To expedite the release of undisputed funds to Plaintiff, the parties filed a stipulation on September 13, 2022.  (ECF No. 142.) Pursuant to that stipulation, the parties agree to the following:

1. That the Court's April 7, 2022 order, (ECF No. 100), be amended to contain the following language as a new paragraph 10 on page 18: "Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason to delay enforcement or appeal of this Order."

2. That the Court will enter a final judgment order in interpleader prior in time to an order directing the Clerk of Court to release interpleader funds to Plaintiff.

3. That the final judgment order will contain the following stipulated terms:

    a. That Plaintiff, Debanee MacPherson Udal, and Melanie Rodriguez be permanently enjoined from making any claims against Defendant with respect to proceeds payable under Policy No. LB02834040, except for the claims of breach of contract and breach of the implied covenant of good faith and fair dealing in Plaintiff's complaint.

    b. That, except for the claims in Plaintiff's complaint, judgment is granted to Defendant with the finding that it has no further liability for the death benefit payable under Policy No. LB02834040.

    c. That judgment be entered in favor of Defendant on its counterclaim and third-party complaint for interpleader with an express finding of finality pursuant to Federal Rule of Civil Procedure 54(b).

    d. That Defendant be awarded its actual court costs and attorneys' fees incurred in connection with prosecuting its counterclaim and third-party complaint for interpleader, such fees and costs to be deducted from the

3

1           amount deposited with the Court.

2           e.    That Defendant be granted such further and other relief as the Court deems

3           just and appropriate.

4    4.    That, following the entry of judgment, the court will release the interplead funds to

5       Plaintiff together with accrued interest thereon, less the sum of $20,480.26. As a

6       disinterested stakeholder, Defendant takes no position as to this paragraph of the

7       stipulation.

8    5.    That the $20,480.26 that will remain on deposit with the court represents the total

9       amount of attorneys' fees and costs that Defendants have incurred related to the

10      interpleader action through June 17, 2022.

11   6.    That, at a later date, the Court will determine the reasonable amount of attorneys'

12      fees to be awarded to Defendant related to the interpleader action through June 17,

13      2022, not to exceed the remaining amount of $20,344.50.

14 Accordingly,

15   1.    The parties' stipulation, as outlined in Exhibit A to ECF No. 142, is approved.

16   2.    Barbara MacPherson-Pomeroy, Melanie Rodriguez, and Debanee MacPherson

17      Udall are enjoined during the pendency of this case and thereafter permanently and

18      perpetually, from commencing or prosecuting any proceeding or claim against

19      North American Company for Life and Health Insurance in any state or federal

20      court or other forum with respect to proceeds payable under the terms of Policy

21      No. LB02834040, and on account of the death of Casey MacPherson-Pomeroy, the

22      insured, except for the claims asserted by Plaintiff Barbara MacPherson-Pomeroy

23      in her complaint, (ECF No. 1 at 17–28), for breach of contract and for breach of

24      the implied covenant of good faith and fair dealing against North American

25      Company for Life and Health Insurance, which claims remain to be determined by

26      this Court, and that said injunction issue without bond or surety;

27   3.    Except for the claims asserted by Plaintiff Barbara MacPherson-Pomeroy in her

28      complaint, (ECF No. 1 at 17–28), for breach of contract and for breach of the

implied covenant of good faith and fair dealing against North American Company for Life and Health Insurance, judgment is granted to North American Company for Life and Health Insurance with the finding that it has no further liability to Barbara MacPherson-Pomeroy, Melanie Rodriguez, and Debanee MacPherson Udall, or to any person or entity claiming through them, for the death benefit payable under the terms of Policy No. LB02834040, and on account of the death of Casey MacPherson-Pomeroy

4. Judgment is entered in favor of North American Company for Life and Health Insurance, and against Barbara MacPherson-Pomeroy, Melanie Rodriguez, and Debanee MacPherson Udall on its counterclaim and third-party complaint for interpleader with an express finding of finality pursuant to Federal Rule of Civil Procedure 54(b).

5. North American Company for Life and Health Insurance shall be awarded its actual court costs and attorneys' fees incurred in connection with prosecuting its counterclaim and third-party complaint for interpleader, as determined by the Court at a future date, such fees and costs to be deducted from the amount deposited with the Clerk of Court.

6. Defendant's motion for judgment order in interpleader, (ECF No. 119), is terminated as moot, but Defendant's accompanying motion for attorneys' fees and costs, (*id.*), shall remain pending.

IT IS SO ORDERED.

Dated:   October 28, 2022

UNITED STATES DISTRICT JUDGE

5