UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MACPHERSON-POMEROY,<br><br>Plaintiff,<br>v.<br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>Defendants. | No. 1:20-cv-00092-ADA-BAM<br><br>ORDER GRANTING STIPULATION FOR DISBURSEMENT OF INTERPLEADER FUNDS TO PLAINTIFF<br><br>(ECF No. 142) |
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>Counterclaim Plaintiff,<br>v.<br>BARBARA MACPHERSON-POMEROY,<br><br>Counterclaim Defendant. | |
| NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE,<br><br>Third-Party Plaintiff,<br>v.<br>MELANIE RODRIGUEZ and DEBANEE MACPHERSON UDALL,<br><br>Third-Party Defendants. | |

1

This case stems from Plaintiff Barbara MacPherson-Pomeroy's efforts to claim a life insurance policy, numbered LB02834040, that Defendant North American Company for Life and Health Insurance issued on the life of her husband Casey MacPherson-Pomeroy (hereinafter "the policy"). On December 16, 2019, Plaintiff filed a complaint in California state court against Defendant asserting claims for breach of contract and breach of the covenant of good faith and fair dealing. (ECF No. 1 at 17–28.) Defendant removed the action to federal court on January 17, 2020. (ECF No. 1.) On February 21, 2020, Defendant filed an answer to the complaint as well as a counterclaim and third-party complaint for interpleader against Melanie Rodriguez and Debanee Udall, secondary beneficiaries of the policy. (ECF No. 14.) In March 2020, Defendant deposited its admitted liability of $1,504,346.75 – the amount of the policy plus accrued interest – with the Register of the Court, pending a determination as to whether Plaintiff or the secondary beneficiaries were entitled to the proceeds. (*See* ECF No. 16.)

On March 31, 2021, Plaintiff moved for summary judgment on the third-party complaint for interpleader, or, in the alternative, to summarily adjudicate the adverse claims of Ms. Udall, the only remaining claimant to the interpleader funds. (ECF No. 76.) Ms. Udall did not file an opposition, and, on April 8, 2022, the Court issued an order granting Plaintiff's motion for summary judgment. (ECF No. 100.) The Court held that the interpleader was procedurally proper, that Plaintiff had carried her burden of establishing that she is entitled to the life insurance policy proceeds, dismissed Ms. Udall's claims with prejudice, and directed the Clerk of Court to enter judgment in Plaintiff's favor. (*Id.* at 14, 17–18.) The clerk entered judgment in favor of Plaintiff that same day. (ECF No. 101.)

On June 20, 2022, Plaintiff filed a motion for disbursement of the interpleader funds, minus a reasonable amount of attorney fees for Defendant. (ECF No. 115.) Because Defendant is a disinterested stakeholder in the interpleader action, it did not oppose the release of funds to Plaintiff, but it did file an opposition requesting (1) that the Court award attorneys' fees and costs and discharge Defendant prior to releasing funds to Plaintiff, and (2) that the Court make a finding under Federal Rule of Procedure 54(b) prior to disbursing the interpleader funds. (ECF No. 125.) On June 21, 2022, Defendant filed its motion for final judgment in interpleader,

seeking attorneys' fees and costs in the amount of $20,480.26. (ECF No. 121.) Plaintiff filed an opposition, objecting to the amount that Defendant requested in fees and objecting to Defendant's proposed order language stating that Defendant acted in good faith by interpleading the funds. (ECF Nos. 124.)

To expedite the release of undisputed funds to Plaintiff, the parties filed a stipulation on September 13, 2022. (ECF No. 142.) Pursuant to that stipulation, the parties agree to the following:

1. That the Court's April 7, 2022 order, (ECF No. 100), be amended to contain the following language as a new paragraph 10 on page 18: "Pursuant to Federal Rule of Civil Procedure 54(b), the Court determines that there is no just reason to delay enforcement or appeal of this Order."

2. That the Court will enter a final judgment order in interpleader prior in time to an order directing the Clerk of Court to release interpleader funds to Plaintiff.

3. That the Clerk of Court will release the interplead funds on deposit to Plaintiff together with accrued interest thereon, less the sum of $20,480.26, within ten (10) days of the Court's order. As a disinterested stakeholder, Defendant takes no position as to this paragraph of the stipulation.

4. Payment to Plaintiff will be made by check payable to the law firm of Whitney, Thompson & Jeffcoach, in trust for Barbara MacPherson-Pomeroy, 970 W. Alluvial Avenue, Fresno, California 93711.

5. The remaining $20,480.26 on deposit with the court represents the total amount of attorneys' fees and costs that Defendants have incurred related to the interpleader action through June 17, 2022. The costs that Defendants have incurred through May 31, 2022 represent $135.76 of the total. At a later date, the Court will determine the reasonable amount of attorneys' fees to be awarded to Defendant related to the interpleader action through June 17, 2022, not to exceed the remaining amount of $20,344.50. If the Court determines that Defendant is entitled to less than the full amount remaining on deposit in attorneys' fees, the

remaining balance, minus reasonable attorneys' fees, will be distributed to Plaintiff.

6. The Clerk of Court will keep the full remaining sum of $20,480.26 on deposit until further order of the Court.

Accordingly,

1. The parties' stipulation, (ECF No. 142), is approved.

3. The Clerk of Court will release the interplead funds on deposit in this action to Plaintiff together with accrued interest thereon, less the sum of $20,480.26, within ten (10) days of this order.

4. Payment of the interplead funds will be made by check payable to the law firm of Whitney, Thompson & Jeffcoach, in trust for Barbara MacPherson-Pomeroy, 970 W. Alluvial Avenue, Fresno, California 93711.

5. The remaining sum of $20,480.26 shall remain on deposit until further order of the Court.

6. Plaintiff's motion for interpleader disbursement, (ECF No. 115), is terminated as moot.

IT IS SO ORDERED.

Dated:   November 1, 2022

UNITED STATES DISTRICT JUDGE