1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BARBARA MACPHERSON-POMEROY,          No.  1:20-cv-00092-ADA-BAM

12              Plaintiff,

13        v.                              **<u>AMENDED</u>** ORDER AWARDING
                                          ATTORNEY'S FEES AND COSTS TO
14   NORTH AMERICAN COMPANY FOR           DEFENDANT NORTH AMERICAN
     LIFE AND HEALTH INSURANCE, an        COMPANY FOR LIFE AND HEALTH
15   Iowa corporation; and Does 1 through 100,  INSURANCE FOR CERTAIN EXPENSES
                                          INCURRED IN INSTITUTING THE
16              Defendant.                INTERPLEADER ACTION

17   NORTH AMERICAN COMPANY FOR           (ECF No. 120)
     LIFE AND HEALTH INSURANCE,
18
                 Counterclaim Plaintiff,
19        v.
     BARBARA MACPHERSON-POMEROY,
20
                 Counterclaim Defendant.
21

22   NORTH AMERICAN COMPANY FOR
     LIFE AND HEALTH INSURANCE,
23
                 Third-Party Plaintiff,
24        v.
     MELANIE RODRIGUEZ and DEBANEE
25   UDALL,

26               Third-Party Defendant.

27

28

1

**I.**

**Factual and Procedural Background**

This case stems from Barbara MacPherson-Pomeroy's efforts to claim a life insurance policy that Defendant North American Company for Life and Health Insurance issued on the life of her husband, Casey MacPherson-Pomeroy.  On December 16, 2019, Plaintiff filed a complaint in California state court alleging breach of contract and breach of the covenant of good faith and fair dealing against Defendant.  (ECF No. 1 at 17–28.)  Defendant removed the action to federal court on January 17, 2020.  (ECF No. 1.)  On February 21, 2020, Defendant filed an answer to the complaint as well as a counterclaim and third-party complaint for interpleader against Melanie Rodriguez and Debanee Udall, secondary beneficiaries of the policy.  (ECF Nos. 13, 14.)  In March 2020, Defendant deposited its admitted liability of $1,504,346.75 – the amount of the policy plus accrued interest – with the Register of the Court, pending a determination as to whether Plaintiff or the secondary beneficiaries were entitled to the proceeds.  (*See* ECF No. 16.)

On March 31, 2021, Plaintiff moved for summary judgment on the third-party complaint for interpleader, or, in the alternative, to summarily adjudicate the adverse claims of Ms. Udall, the only remaining claimant to the interpleader funds.  (ECF No. 76.)  The Court granted Plaintiff's motion on April 8, 2022, and the Clerk of Court entered judgment in favor of Plaintiff that same day.  (ECF Nos. 100, 101.)

On June 20, 2022, Plaintiff filed a motion for disbursement of the interpleader funds minus a reasonable amount of attorney's fees for Defendant.  (ECF No. 115.)  Defendant did not oppose the release of funds to Plaintiff, but it did file an opposition requesting (1) that the Court award attorney's fees and costs and discharge Defendant prior to releasing funds to Plaintiff, and (2) that the Court make a finding under Federal Rule of Procedure 54(b) prior to disbursing the interpleader funds.  (ECF No. 125.)  On June 21, 2022, Defendant filed its motion for final judgment in interpleader, seeking attorney's fees and costs in the amount of $20,480.26.  (ECF No. 120, 121.)  Plaintiff filed an opposition, objecting to the amount that Defendant requested in fees and objecting to Defendant's proposed language stating that Defendant acted in good faith by interpleading the funds.  (ECF No. 124.)

2

1    To expedite the release of undisputed funds to Plaintiff, the parties filed a stipulation on

2    September 13, 2022.  (ECF No. 142.)  Pursuant to that stipulation, the Court amended its April 8,

3    2022 order to include an express finding of finality pursuant to Rule 54(b).  (ECF No. 147.)  It

4    also entered judgment in favor of Defendant on its counterclaim and third-party complaint for

5    interpleader, terminating Defendant's prior motion for judgment in interpleader as moot.  (ECF

6    No. 148.)  Finally, it ordered disbursement of all interpleaded funds on deposit with the Court

7    except for $20,480.26 – the amount Defendant seeks in attorney's fees and costs – rendering

8    Plaintiff's motion for interpleader disbursement moot.  (ECF No. 149.)  The Court deferred the

9    issue of Defendant's entitlement to attorney's fees and takes up that question now.

10                                            **II.**

11                                      **Legal Standard**

12    A disinterested stakeholder's entitlement to attorney's fees in an interpleader action "is

13    committed to the sound discretion of the district court."  *Tr. of Dirs. Guild of Am.-Producer*

14    *Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000), *as amended on denial of reh'g*,

15    255 F.3d 661 (9th Cir. 2000) (citing *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*,

16    306 F.2d 188, 194 (9th Cir. 1962)).  Courts typically award such fees in recognition of the fact

17    that "by bringing the action, the plaintiff benefits all parties by 'promoting early litigation on the

18    ownership of the fund, thus preventing dissipation.'"  *Id.* (quoting *Schirmer Stevedoring*, 306

19    F.2d at 194)).  "Such awards generally are charged against the interpleaded funds."  *Chase Inv.*

20    *Servs. Corp. v. Law Offices of Jon Divens & Assocs., LLC*, No. CV 09-9152 SVW (MANx), 2010

21    WL 11597568, at *4 (C.D. Cal. Jun. 10, 2010).  "The party claiming attorneys' fees bears the

22    burden of establishing its entitlement to the award."  *Fidelity Nat'l Title Co. v. U.S. Small Bus.*

23    *Admin.*, No. 2:13-CV-02030-KJM-AC, 2014 WL 6390275, at *4 (E.D. Cal. Nov. 13, 2014)

24    (citing *Tise*, 234 F.3d at 427).  In order to avoid depleting the funds in question, attorney's fees in

25    interpleader actions are typically modest.  *Tise*, 234 F.3d at 427.

26    ///

27    ///

28    ///

                                            3

**III.**

**Discussion**

Defendant requests attorney's fees in the amount of $20,344.50 for attorney's fees it incurred through June 17, 2022.  (ECF No. 120 at 7.)  It categorizes those expenses as follows:

|   | Description | Fees |
|---|---|---|
| A. | Preliminary investigation regarding facts and law | $5,132.50 |
| B. | Drafting, filing, and serving counterclaim and third-party complaint for interpleader, motion to deposit, and related documents | $3,984.00 |
| C. | Communications with counterclaim and third-party defendants' counsel regarding responsive pleadings, disclaiming interest, and review of responsive pleadings | $675.00 |
| D. | Communications regarding, and drafting of, joint status report | $2,988.00 |
| E. | Drafting and filing motion for final judgment order in interpleader and award of attorney's fees and costs | $3,532.00 |
| F. | Client communications | $1,376.00 |
| G. | Internal communications | $2,657.00 |
| | **Total** | **$20,344.50** |

(*Id.* at 7–8.)  Defendant asserts that an associate with ten years of experience, Kaitlyn Luther, performed most of the work on this matter at an hourly rate of $250.  (*Id.* at 8.)  Another associate with twenty-one years of experience, Stuart Primack, performed work at an hourly rate of $275. (*Id.*)  Two Members of Defendant's firm, Donald Murday and David Novotny, also worked on the matter at hourly rates of $345 each.  (*Id.*)  Finally, paralegals incurred fees at an hourly rate of $105.  (*Id.* at 9.)  Defendant argues that these hourly rates are reasonable based on the experience of each attorney and paralegal as well as the fact that they are comparable to the rates of other practitioners in the Chicago area, where Defendant's firm is based.[1]  (*Id.* at 8–9.)  At the Court's

---

[1] Defendant's burden is to establish that its attorney's rates are reasonable in the Fresno area, not in the area where it

4

1    request, Defendant provided, for in camera review, annotated copies of invoices associated with

2    the requested attorney's fees along with a summary of the number of hours each attorney billed

3    for each category of expenses.

4         Defendant also seeks an award of taxable costs and expenses pursuant to Federal Rule of

5    Procedure 54(d)(1) and Local Rule 292(f) in the amount of $135.76 – $53.81 in service costs and

6    $81.95 in duplicating costs.  (*Id.* at 9.)

7         Plaintiff does not dispute Defendant's entitlement to certain attorney's fees or an award of

8    taxable costs and expenses.  Rather, Plaintiff claims that Defendant's expenses associated with

9    rows A, C, D, F, and G, above, are not recoverable because Defendant did not incur them in

10   preparing the interpleader complaint, depositing the interpleader funds in court, or preparing the

11   order discharging itself as the stakeholder.  (ECF No. 124 at 4–5.)  In Plaintiff's view, Defendant

12   is entitled to an attorney's fee award of $6,972.00.  (*Id.* at 5.)  As discussed further below,

13   Plaintiff's attempt at creating three exclusive categories of recoverable expenses in interpleader

14   actions misreads the case law.  Rather, Defendant may, at the Court's discretion, recover any fees

15   "incurred in filing the action and pursuing the plan's release from liability."  *Tise*, 234 F.3d at

16   426.  Contrary to Plaintiff's argument, this may encompass certain communications and

17   investigation necessary in implementing and expeditiously pursuing the interpleader action.  At

18   the same time, the Court will not reimburse Defendant for expenses it would have incurred

19   independent of the interpleader action.  While Defendant may be a disinterested party in the

20   interpleader, it does have an interest in the underlying state law claims, to which it is a party.  In

21   several instances, Defendant seeks recovery of fees for work that, while perhaps necessary to the

22   interpleader action, was not independent of the underlying litigation.  These expenses are not

23   recoverable.  *See Del. Life Ins. Co. v. Moore*, No. 18cv944-L (MSB), 2019 WL 762655, at *5

24   (S.D. Cal. Feb. 21, 2019) (refusing to award attorney's fees for work that was "necessary whether

25   interpleader was instituted or not"), *report and recommendation adopted by* 2019 WL 2443402

26
27   is located.  *See Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) ("Generally, the relevant community is one in
     which the district court sits.")  Nevertheless, the rates for Defendant's attorneys fall within the generally accepted
     range in the Fresno area.  *See Principal Life Ins. Co. v. Calloway*, No. 1:19-cv-00147-DAD-SKO, 2021 WL 720648,
28   at *4 (E.D. Cal. Feb. 24, 2021) (recognizing that the hourly rates in the Fresno area range between $175 and $380,
     depending on the attorney's experience).

1    (S.D. Cal. Jun. 12, 2019).

2           Defendant justifies its proposed award of attorney's fees on two grounds: first, its request

3    constitutes only 1.4% of the total interpleaded funds; and second, the factual background of this

4    case is particularly unusual.  (ECF No. 127 at 3, 5.)  The Court finds neither argument persuasive.

5    First, pegging the reasonableness of an attorney's fee award to the percentage of the total

6    interpleaded funds ignores the fact that instituting "a suit in interpleader, including the depositing

7    of the fund in the registry of the court and the procuring of an order of discharge of the

8    stakeholder from liability, does not usually involve any great amount of skill, labor or

9    responsibility."  *Hunter v. Fed. Life Ins. Co.*, 111 F.2d 551, 557 (8th Cir. 1940); *see also Chase*

10   *Inv. Servs. Corp.*, 2010 WL 11597568, at *4.  The mere size of the fund, therefore, has little

11   bearing on the time and effort attorneys expend on the interpleader.

12          Second, while the facts underlying this case are certainly unusual, Defendant has not

13   demonstrated that this background has contributed to any logistical complexity in instituting the

14   interpleader.  Indeed, one purpose of filing an interpleader action is to avoid litigating such

15   complex factual disputes.  *See Field v. United States*, No. 2:15-cv-00241-TLN-DB, 2020 WL

16   903203, at *2 (E.D. Cal. Feb. 25, 2020).

17   **A.      Preliminary investigation regarding facts and law**

18          Plaintiff cites to *Sweeney v. McClaran*, 130 Cal. Rptr. 205, 209 (Cal. Ct. App. 1976) for

19   the proposition that disinterested stakeholders may not recover fees incurred for investigation in

20   an interpleader action.  (ECF No. 124 at 4.)  Defendant points out that *Sweeney* is a California

21   state court opinion addressing a California statute.  (ECF No. 127 at 4.)  It also emphasizes the

22   conclusory nature of the language in *Sweeney* and contends that broadly prohibiting fee recovery

23   for any and all kinds of investigation would be unreasonable.  (*Id.*)  According to Defendant,

24   investigating whether the requirements for interpleader are met is "an indispensable component"

25   of preparing the complaint.  (*Id.*)

26          As discussed above, Plaintiff's categorical argument is untenable.  It ignores the reality

27   that some investigation is both necessary to implement an interpleader action and independent

28   from any litigation underlying or surrounding that action.  Moreover, it asks the Court to grant or

6

1   withhold attorney's fees based on Defendant's characterization of certain work rather than the

2   actual nature of the work.

3        Defendant's annotated invoices attribute 21.3 hours of work to preliminary investigation.

4   Most of those hours, however, appear to be for work that was necessary to litigate the underlying

5   state law claims.  For example, Defendant seeks recovery for time spent reviewing the state court

6   complaint, initial communications regarding case strategy, and reviewing documents.[2]  Defendant

7   would have had to perform this work whether or not it instituted an interpleader action.

8   Defendant also seeks attorney's fees for status conferences, but its invoices lack detail about the

9   subject or content of those conferences.  (Ann. Invoice at 2, 5, 6, 7.)  It cannot carry its burden of

10  demonstrating entitlement to attorney's fees with this lack of detail. [3]

11       There are two separate line items under Defendant's preliminary investigation heading

12  that the Court finds to be recoverable.  The first is Ms. Luther's 1.5 hours spent researching

13  California's "slayer statute," the law necessitating the implementation of this interpleader action.

14  (*See* Ann. Invoice at 5.)  Such research was reasonable and would have been integral to drafting

15  and filing the interpleader complaint.  Similarly, a paralegal spent .7 hours researching contact

16  information for Plaintiff, Ms. Rodriguez, and Ms. Udall.  (*Id.*)  This time is recoverable because,

17  without contact information, Defendant would have been unable to serve Ms. Rodriguez or Ms.

18  Udall with notice of the interpleader.

19  ///

20  ///

21  ///

---

[2] Specifically, Ms. Luther billed 1.8 hours to analyze the complaint, (Ann. Invoice at 2); 1.5 hours to review and analyze file excerpts, (*id.*); a total of 6.3 hours reviewing the policy and claim file at issue in the litigation, (*id.* at 5); .7 hours reviewing strategies for pleadings and motions practice (*id.* at 6); .7 hours discussing litigation strategy with her client, (*id.*); and a total of 3.5 hours reviewing telephone calls in the policy and claim file, (*id.* at 7).  Mr. Murday billed 1 hour for receiving and reviewing the case and .4 hours reviewing the state court complaint.  (*Id.* at 2).  Paralegal Vivian Infantino billed a total of 2.2 hours reviewing files.  (*Id.* at 5.)

[3] In another context, such vague invoice descriptions would not necessarily be disqualifying.  *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)).  In this case, however, because Defendant is a party to the underlying action, many of its communications about the interpleader would have been inextricably tied to discussions of the underlying claims.  This lack of separation means that most of the communications would have occurred regardless of the institution of the interpleader.

1   Therefore, the Court will award the following attorney's fees for this category of work: [4]

| Attorney | Hours | Fees |
|---|---|---|
| Kaitlyn E. Luther ($250/hour) | 1.5 | $375.00 |
| Paralegal Vivian S. Infantino ($105/hour) | 0.7 | $73.50 |
| **Total** | **2.2** | **$448.50** |

**B.      Drafting, filing, and serving counterclaim and third-party complaint for interpleader, motion to deposit and related documents**

Plaintiff does not object to this category of attorney's fees, but she filed her opposition without the benefit of reviewing the invoices that Defendant provided the Court for in camera review.  The Court will, therefore, independently assess the propriety of awarding attorney's fees under this category of expenses.

Most of Defendant's invoice entries under this category relate directly to drafting, filing, and pursuing the interpleader action.  Those expenses are recoverable.  Defendant, however, presents a handful of invoice entries in block-billing format, combining work it spent on drafting its answer to the state law complaint, its affirmative defenses, and its counterclaim.  "In situations involving documentation with block-billing, the court should either request more information or 'simply reduce[] the fee to a reasonable amount.'"  *Calloway*, 2021 WL 720648, at *8 (quoting *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000)).  Ms. Luther recorded a total of 6.7 block-billed hours, and Mr. Novotny recorded .9 block-billed hours.  (*See* Ann. Invoice at 10.)  The Court will permit recovery for one-third of this time – 2.2 hours for Ms. Luther and .3 hours for Mr. Novotny – because Defendant's invoice indicates each attorney spent two-thirds of this time on work related to the underlying state law litigation.

---

[4] The Court is also cognizant that the preparation of an interpleader complaint is typically a "straight-forward process" involving minimal research or investigation.  *Chase Inv. Servs. Corp.*, 2010 WL 11597568, at *8. Accepting Defendant's argument that its 21.3 hours of preliminary investigation were "inseparable" from its 15.1 hours involved in drafting the interpleader complaint implies that it spent a total of 36.4 hours drafting a seven-page complaint and preparing four accompanying exhibits.  This is excessive.  *See Principal Life Ins. Co. v. Calloway*, No. 1:19-cv-00147-DAD-SKO, 2021 WL 720648, at *6–*7 (E.D. Cal. Feb. 24, 2021) (spending twelve hours preparing an eight-page complaint and preparing twelve accompanying exhibits deemed "excessive").

1    Therefore, the Court will award the following attorney's fees for this category of work:

2

| Attorney | Hours | Fees |
|---|---|---|
| Donald A. Murday ($345/hour) | 1.3 | $448.50 |
| David J. Novotny ($345/hour) | 0.3 | $103.50 |
| Kaitlyn E. Luther ($250/hour) | 10.7 | $2,675.00 |
| **Total** | **12.3** | **$3,227.00** |

**C.    Communications with counterclaim and third-party defendant's counsel regarding responsive pleadings, disclaiming interest, and review of responsive pleadings**

As discussed above, Plaintiff's argument that communications are per se non-recoverable is too rigid.  After reviewing Defendant's invoices, the Court concludes that the expenses Defendant incurred in communicating with counsel regarding responsive pleadings, disclaiming interest, and reviewing responsive pleadings was directly related to Defendant's pursuit of its release from liability.  Defendant's descriptions of these expenses also indicate that it would not have incurred them but for its pursuit of the interpleader action.

The Court will, therefore, award Defendant the full amount of $675.00 it seeks for these communications.

**D.    Communications regarding, and drafting of, joint status report**

While communications are not per se non-recoverable, the Court reiterates that it will not award attorney's fees for work that Defendant would have completed whether or not it had instituted an interpleader action.  Communications regarding the April 23, 2020 joint scheduling report represent such work.  A review of the Joint Scheduling Report reveals that most, if not all, of that document concerns the underlying state law claims rather than the interpleader action. (*See generally* ECF No. 23.)  The parties would have had to prepare and file this document whether or not Defendant had initiated an interpleader action.  Awarding attorney's fees for such work would, therefore, be inappropriate.

///

9

**E.     Drafting and filing motion for final judgment order in interpleader and award of attorney's fees and costs**

Plaintiff does not challenge the award of attorney's fees for this category of work.  After reviewing Defendant's annotated invoices, the Court agrees that these expenses are recoverable. Defendant, however, has informed the Court that it incurred $250 less in fees than expected between June 1, 2022 and June 17, 2022.

The Court will, therefore, award Defendant attorney's fees for this category of work in the revised amount of $3,282.00.

**F.     Client communications**

As discussed above, the Court finds unpersuasive Plaintiff's argument that this category of expenses is per se not recoverable.  Nevertheless, Defendant's annotated invoices reveal that it seeks attorney's fees for a total of 3 hours of Ms. Luther's time and .2 hours of Mr. Novotny's time that are not recoverable.[5]  It appears that these calls concerned subject matter beyond simply discussing the interpleader.  Because the calls would have occurred independent of the interpleader, the Court will not award attorney's fees for them.

Therefore, the Court will award the following attorney's fees for this category of work:

| Attorney | Hours | Fees |
|---|---|---|
| David J. Novotny ($345/hour) | 0.6 | $207.00 |
| Kaitlyn E. Luther ($250/hour) | 1.4 | $350.00 |
| **Total** | **2.0** | **$557.00** |

---

[5] Ms. Luther's non-recoverable time for communications with North American includes the following: .2 hours for a call regarding the claim and policy file, (Ann. Invoice at 5); .3 hours for a call regarding Defendant's answer, affirmative defenses, and counterclaim, (*id.* at 10); .2 hours for another call regarding Defendant's answer and counterclaim, (*id.* at 11); three separate calls regarding the joint scheduling report of .2, .3, and .2 hours respectively, (*id.* at 17, 18); .1 hours for a call about consenting to magistrate judge jurisdiction, (*id.* at 18); .2 hours for a call regarding Ms. Udall's answer as well as the joint scheduling report, (*id.* at 19); .3 hours for a call about the outcome of the scheduling conference, (*id.* at 21); and two separate calls of .5 hours each about the interpleader action as well as expert discovery and dispositive motion strategy, (*id.* at 30).  Mr. Novotny's non-recoverable .2 hours involved a status call with an unspecified topic.  (*Id.* at 21.)

**G.    Internal communications**

Again, the Court will not bar recovery for all of Defendant's internal communications. After reviewing Defendant's annotated invoices, however, it will decline to award attorney's fees for certain communications that would have occurred regardless of the implementation of an interpleader action.  This review reveals that Defendant may not recover fees for 2.5 hours of Ms. Luther's work, .7 hours of Mr. Murday's work, and 3.3 hours of Mr. Novotny's work.[6]

Therefore, the Court will award the following attorney's fees for this category of work:

| Attorney | Hours | Fees |
|---|---|---|
| Donald A. Murday ($345/hour) | 1.1 | $379.50 |
| David J. Novotny ($345/hour) | 0.5 | $172.50 |
| Kaitlyn E. Luther ($250/hour) | 0.4 | $100.00 |
| **Total** | **2.0** | **$652.00** |

**IV.**

**Conclusion**

In sum, the Court finds that Defendant is entitled to the following attorney's fees for its work on the interpleader action:

| | Description | Fees |
|---|---|---|
| 1. | Preliminary investigation regarding facts and law | $448.50 |
| 2. | Drafting, filing, and serving counterclaim and third-party complaint for interpleader, motion to deposit, and related documents | $3,227.00 |
| 3. | Communications with counterclaim and third-party defendants' counsel | $675.00 |

---

[6] Ms. Luther's non-recoverable time for internal communications includes the following: .6 hours for a conference regarding Defendant's answer, affirmative defenses, and counterclaim, (Ann. Invoice at 10); two conferences of .9 and .5 hours about revisions to the joint scheduling report, (*id.*); and .5 hours for a conference about strategizing for the joint scheduling conference, (*id.*).  Mr. Murday's non-recoverable time includes .4 hours for a conference about Defendant's answer, affirmative defenses, and counterclaim and .3 hours for a meeting regarding the discovery conference.  (*Id.* at 10, 15.)  Finally, Mr. Novotny recorded .3 hours, .8 hours, .7 hours, .6 hours, .6 hours, and .3 hours for meetings regarding the joint scheduling conference and scheduling order.  (*Id.* at 17, 18, 21.)

| | | |
|---|---|---|
| | regarding responsive pleadings, disclaiming interest, and review of responsive pleadings | |
| 4. | Communications regarding, and drafting of, joint status report | $0.00 |
| 5. | Drafting and filing motion for final judgment order in interpleader and award of attorney's fees and costs | $3,282.00 |
| 6. | Client communications | $557.00 |
| 7. | Internal communications | $652.00 |
| | **Total** | **$8,841.50** |

The Court also finds Defendant's request for costs in the amount of $135.76 to be reasonable, particularly in the absence of any objection from Plaintiff.

Accordingly,

1.      The Clerk of Court will release to Defendant a total of $8,977.26 (attorney's fees plus costs) from the amount on deposit in this action **within ten (10) days following the date on which the time to appeal this order has expired**;

2.      Payment of attorney's fees and costs will be made by check payable to the law firm of Chittenden, Murday & Novotny, 303 W. Madison Avenue, Suite 1400, Chicago, Illinois 60606;

3.      The Clerk of Court will release the remaining interpleaded funds on deposit in this action to Plaintiff together with accrued interest thereon **within ten (10) days following the date on which the time to appeal this order has expired**; and

///
///
///
///
///
///
///

12

4.      Payment of the remaining interpleaded funds will be made by check payable to the law firm of Whitney, Thompson & Jeffcoach, in trust for Barbara MacPherson-Pomeroy, 970 W. Alluvial Avenue, Fresno, California 93711.

IT IS SO ORDERED.

Dated:    September 5, 2023

_____
UNITED STATES DISTRICT JUDGE

13