UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA MACPHERSON-POMEROY,<br><br>Plaintiff,<br><br>v.<br><br>NORTH AMERICAN COMPANY FOR LIFE AND HEALTH INSURANCE, an Iowa corporation; and DOES 1 through 100,<br><br>Defendant. | No. 1:20-cv-00092-KES-BAM<br><br>**ORDER SETTING IN-PERSON SETTLEMENT CONFERENCE AND SETTLEMENT INSTRUCTIONS**<br><br>Date:       **November 3, 2025**<br>Time:      **9:30 AM**<br>Courtroom: **Courtroom 9 (SAB)**<br>Judge:     **Hon. Stanley A. Boone** |

This case is set for an in-person settlement conference on **November 3, 2025, at 9:30 AM in Courtroom 9 (SAB) before Magistrate Judge Stanley A. Boone** at the U.S. District Court, 2500 Tulare Street, Fresno, California, 93721. Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms** at the conference.

*Confidential Settlement Conference Statement*: At least seven (7) court days prior to the Settlement Conference, the parties shall submit a Confidential Settlement Conference Statement directly to Judge Boone's chambers by e-mail to SABOrders@caed.uscourts.gov. The statement **should not be filed** with the Clerk of the Court **nor served on any other party**, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

1

1    The Confidential Settlement Conference Statement shall include the following:

2    A.    A brief statement of the facts of the case.

3    B.    A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C.    A summary of the proceedings to date.

D.    An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E.    The relief sought.

F.    The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

The Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference. Otherwise, the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

IT IS SO ORDERED.

Dated:    **August 15, 2025**                      /s/ *Barbara A. McAuliffe*
                                                        UNITED STATES MAGISTRATE JUDGE